This appeal is brought by the commissioners of highways of the two towns named in the proceedings from the order of the Supreme Court, requiring them to repair a bridge across the Alleghany river, constructed pursuant to the provisions of chapter 299, of the Laws of 1862. The river passes through the two towns of Carrollton and Allegany, but does not flow between them and thus separate them from each other. It does not constitute a boundary line between them at any point. The bridge is wholly within the town of Carrolton, about forty rods from the dividing line of the two towns. The petition upon which the order was founded is by freeholders of the town of Allegany. The town of Allegany adjoins the town of Carrolton on the east, and the act directs the bridge to be built at or near the east bounds of the town of Carrolton as a joint bridge between the two towns by a commissioner appointed from the town of Allegany.
The act makes the bridge the joint bridge of the two towns, and by necessary implication charges its support and maintenance upon them under the general laws regulating and providing for the repair and maintenance of bridges of that character. Chapter 225 of the Laws of 1841, makes a general provision relating to the joint liability of commissioners of highways of two or more towns, liable to make or maintain any bridge or bridges, and its provisions, together with those of chapter 383 of the Laws of 1857 amending the same, are directly applicable to and regulate the rights and liabilities of the commissioners of highways, the appellants in this proceeding, in respect to the bridge in question. The two towns are liable to maintain this bridge at their joint expense, and that liability may be enforced pursuant to the provisions of the *Page 319 
two acts referred to. But this is a special statutory proceeding under chapter 639 of the Laws of 1857, which relates only to the making and maintenance of bridges "over streams dividing towns, whether in the same or different counties." This act passed only three days after the enactment of the former law, providing for the maintenance of all bridges, for the repair of which two or more towns were jointly liable, is by its terms confined in its operation and effect to bridges over streams dividing towns, and it is in respect to the repair and maintenance of bridges thus situated that the freeholders of the towns are authorized to institute proceedings to compel a performance of duty by the commissioners of highways.
This is a statutory proceeding and can only be instituted in the cases especially provided for, and by the process authorized by statute. Although we may not see why the right of the freeholders of the towns to take proceedings to put the commissioners of highways in motion was restricted to one class of bridges, for the repair of which different towns are jointly liable, the legislature has, in language so explicit as to admit of no enlargement by interpretation, thus limited the act under which alone freeholders have a standing in court.
The court was without jurisdiction in the proceedings commenced on the petition of the freeholders, and the order of the General Term must be for that reason reversed, and that of the Special Term denying the motion, and so far only, as it denies the motion, affirmed with costs.
All concur.
Ordered accordingly. *Page 320