Charles T. Major, J.
This is a claim to recover damages for an appropriation of lands on the Onondaga Indian Reservation by the State for the reconstruction of a State highway.
The Onondaga Indian Tribe differs from any other tribes of the country inasmuch as it still retains tribal customs and laws. The lands on the reservation are owned by the whole tribe as communal property. The tribe originally assigned specific lands to individual members thereof. The right acquired therein by the individual Indian is that of life possession or usufruct, subject'to conditions and limitations. This seisin or determinable freehold may be transferred to another resident Onondaga Indian. It may be leased to a member of the white race for a term not exceeding 10 years, with permission of the Indian agent. On the tenth day after the death of an Indian holding such an interest in reservation lands, the Clan mother designates, either personally or through a spokesman, the person who shall succeed the decedent as such possessor. The successor must be a member of the Onondaga Tribe through the blood of his mother.
*78 The Federal Government, generally, has paramount authority over Indians, but they are subject to State control and legislation when there is no conflict between the Federal and State laws. However, the Onondaga Tribe members, also referred to as Onondaga Nation of Indians, are wards of the State of New York. They are not an independent nation. (U. S. Code, tit. 25, § 71.) The sovereignty of the State of New York attaches, and the fee of the land is in the State and is regulated by the State Indian Law.
The State has authority to appropriate property on the Indian Reservation for the construction and improvement of highways. (Indian Law, § 12; Highway Law, § 53; U. S. Code, tit. 25, §§ 311, 357; O’Meara v. Commissioners of Highways of Towns of Alleghany & Carrolton, 3 Thomp. & C. 235, revd. on other grounds sub nom. Matter of Petition of Freeholders of Cattaraugus County, 59 N. Y. 316; France v. Erie Ry. Co., 2 Hun 513, opinion in 5 Thomp. & C. 12.)
The Court of Claims has jurisdiction over claims of the individual Onondaga Indians against the State (Indian Law, § 5).
Claimant, at the time of filing this claim and at the time of the trial, did not reside on the reservation. It does not appear when he moved off, or where he resided at the time of the appropriation. Neither the State nor the Onondaga Indian Council has raised any question before this court that his possessory interest in the appropriated lands has terminated by a breach of its conditions. The Onondaga Indian Council has settled for its interest in these and other lands, and has given a release to the State, for which the Council received or is to receive, $11,000. The release specifically excluded the interest of claimant and others. This is an acknowledgment by the Onondaga Indian Council that no termination or re-entry has been made of claimant’s interest in the property. Such interest is property and compensation must be awarded for the value thereof, in compliance with the State Constitution.
Before the appropriation, the premises involved herein consisted of about 10 acres of unimproved and undeveloped idle land, growing wild vegetation and small trees. The State took from these lands a parcel of 0.854± acre on the easterly side, and two parcels of 0.045± acre and 2.006± acres on the westerly side of Route 11, as shown on the appropriation Map No. 52, Parcels Numbers 81, 82 and 90 Syracuse-Lafayette State Highway No. 5365, and the descriptions thereon and included in this claim are hereby referred to as the lands appropriated without unnecessary repetition.
*79 Space on claimant’s land was used for two advertising display-signs. These were not included in or affected by the appropriation.
Considering the conditions and limitations, the best use for claimant’s premises was for low-cost residences or possibly small temporary business structures. There are no water or sewer facilities available. There is no scarcity or great demand for vacant land in this area.
The appropriation herein became complete on the filing of the map and description thereof in the Onondaga County Clerk’s Office on December 5, 1952. Copies of the map, description and notice of appropriation were served on claimant on July 26, 1954. The court has viewed the premises in company with the attorney or representatives of the respective parties.
Before the appropriation herein, the value of claimant’s premises was $6,000, and the value of claimant’s premises after the taking was $4,000, resulting in a damage to claimant of $2,000, which includes $1,500 for lands taken, and $500 for consequential damages to remaining lands.
Ordinarily, an award for lands not owned in fee by the claimant, but upon which he has a life use or possessory right, is made to such claimant and to the fee owner, to be deposited during the life or possessory period, with the income produced therefrom payable to the possessor or life tenant, and at his death the corpus turned over to the fee owner in place of and as a substitute for the land. In this claim, the fee owner, Onondaga Nation of Indians, has fully settled for its fee interest in the lands and has no further interest in the damages awarded. The award should, therefore, be paid to the claimant.
The claimant is awarded the sum of $2,000 for damages under this claim, with interest thereon from December 5, 1952 to the date of entry of judgment herein.
The foregoing constitutes the written and signed decision of this court upon which judgment may be entered (Civ. Prac. Act, § 440).
Judgment is directed accordingly.