HON. ROBERT P. WHALEN Commissioner, Department of Health
This is in reply to your letter of September 21, 1976, requesting my opinion as to the applicability of section 206, subdivision 1, paragraphs f and i, and Title II of Article 11 of the Public Health Law to Indian reservations.
Paragraph f of section 206 (1) provides that the Commissioner of Health shall enforce the Public Health Law and the Sanitary Code and paragraph i empowers the Commissioner to make inspections of Indian reservations to enforce the Sanitary Code therein. Initially, it should be observed that since both paragraphs f and i include enforcement of the Sanitary Code, the explicit reference to Indian reservations in paragraph i would appear ot limit the Commissioner's enforcement powers on reservations to the Sanitary Code. This is consistent with Federal law (25 U.S.C. § 231) which specifically permits State employees to enter upon tribal lands "for the purpose of making inspection of health and educational conditions and enforcing sanitation and quarantine regulations". There is, therefore, no conflict between powers of the Commissioner as conferred by State law and those authorized by Federal law relative to sanitation.
The power of New York to enforce its subdivision regulation statute does not, however, turn on the interpretation of Federal law, but rather on the effect of section 7 of the Indian Law.
Public Health Law, § 1116 prohibits the sale or lease of subdivision land or the construction of permanent buildings thereon, unless a map of such subdivision, showing methods for obtaining an adequate water supply and sewerage facilities, shall be filed with and approved by the State Health Department or by a city or county health department. Section 1118 also gives cities or counties having health departments, power to adopt regulations for the control of such developments.
Section 7 of the Indian Law, however, provides that any nation, tribe or band of Indians may, by act of its Indian government, divide its lands into lots, and distribute and partition them among the individuals and families of such nation, tribe or band. The partition is to be approved by the Commissioner of General Services, and the deeds are to be acknowledged before the County Judge who is to authorize the County Clerk to record such deeds. This section is the exclusive method for the subdivision of Indian lands and such subdivision cannot be limited or prohibited by the application of the subdivision regulations of the Public Health Law (see Dixon v. State, 4 Misc.2d 76).
It is, therefore, my opinion that section 7 of the Indian Law preempts the area of subdivision of Indian lands and that, consequently, Title II of Article 11 of the Public Health Law does not apply to reservation lands.